IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Vernon Samuel Brown, #303575, ) | CIVIL ACTION NO. 9:09-0920-RBH-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Correctional Officer Danny Dunbar ) | |
| and Sgt Angla Collins, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate with the South Carolina Department of Corrections, alleges violations of his constitutional rights by the named Defendants.

Plaintiff filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on September 14, 2009, together with a motion for a preliminary injunction, in which he complains that he continues to be harassed by the Defendant Dunbar. The Defendants filed a response in opposition to the Plaintiff's motions on October 23, 2009, together with a motion to dismiss Plaintiff's complaint and/or for summary judgment.

As the Plaintiff is proceeding pro se, a Roseboro Order was entered by the Court on October 26, 2009, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response. The Plaintiff was specifically advised that if he failed to respond



adequately, the Defendants' motion may be granted, thereby ending his case. Plaintiff thereafter filed a memorandum in opposition to the Defendants' motion on November 4, 2009.

These motions are now before the Court for disposition.[1]

**Background and Evidence**

Plaintiff alleges in his verified complaint,[2] as follows:

This statement I'm present to you is the truth, nothing but the truth so helped me God. On March 14, 2009 a round the approximate time of 11:30 a.m. Lunch has arrived in Jasper unit lock-up B-side while correctional officer Danny Dunbar was assistance correctional officer William R. Davis passing the trays out on the bottom tier. When correctional officer Danny Dunbar came to my (inmate Vernon Samuel Brown) cell's door and stated that to me that he want to have sex with me, when I come on the yard (Allendale Correctional Institution). He also stated to me he can't wait until I come the yard because he have some thing very big for me. On March 16, 2009 the same officer I has stated above has escorted me outside while escorted me outside he has grabbed my buttock. I'm fearing for my life right now. I has notify Sgt. Angla Collins the dorm supervisor she refused to take action the matter I has stated above.

Plaintiff seeks monetary damages. See generally, Verified Complaint.

In a document styled as an "Affidavit" filed with the Court on April 30, 2009, Plaintiff attests that he is still being harassed by the Defendant Dunbar, with Dunbar telling him that he still "want [to] have sex with [Plaintiff]." In this filing, Plaintiff seeks a restraining order. Plaintiff has also attached a copy of a grievance he apparently filed on April 1, 2009 concerning the claim asserted

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. Both parties have filed dispositive motions. Therefore, this Report and Recommendation is entered for review by the Court.

[2] In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Plaintiff has filed a verified Complaint. Therefore, the undersigned has considered the factual allegations set forth in the verified Complaint in issuing a recommendation in this case.

2



in the complaint, which bears a notation dated April 7, 2009 that it had been forwarded to the Division of Investigations (DOI) for review. See Court Docket No. 11.

In support of their motion for summary judgment, the Defendants have submitted an Affidavit from the Defendant Dunbar, in which he attests that he is a correctional officer at the Allendale Correctional Institution, where Plaintiff was housed at the time he filed this action.[3] Dunbar attests that he is a wing officer in the Special Management Unit (SMU) at ACI, that he is familiar with the Plaintiff from his incarceration within the SMU, and that he has never made any statement of a sexual nature to the Plaintiff. Dunbar further attests that, at the time Plaintiff filed this complaint, he had never escorted Plaintiff to recreation, and that on the date Plaintiff claims he made statements to him, he [Dunbar] was not even on duty in the Plaintiff's wing. Dunbar attests that, at the time Plaintiff filed this complaint, the only two encounters he had had with the Plaintiff were when he did not want to give him [Dunbar] his food tray, and another time when Plaintiff did not want him to give Plaintiff a drink with his meal. See generally, Dunbar Affidavit.

As an attachment to his memorandum opposing the Defendants' motion for summary judgment, Plaintiff has submitted an affidavit from Jeremy Bryant, another inmate in the SMU at ACI. Bryant attests that on September 28, 2009, he heard the Defendant Dunbar state to the Plaintiff that "even though you have a complaint out on me I still want to have sex with you when you come to the yard." Dunbar then made a comment representing a possible sex act with the Plaintiff. See generally, Bryant Affidavit.

---

[3] Since the filing of this action, Plaintiff has been transferred to the Ridgeland Correctional Institution. See Court Docket No. 35.



**Discussion**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P. Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

With respect to Plaintiff's motion for summary judgment, after careful review and consideration of the evidence submitted, the undersigned concludes that this motion should be denied. While Plaintiff has submitted evidence sufficient to create a genuine issue of fact as to whether he was subjected to the conduct complained of, the Defendants have also submitted sufficient evidence to the contrary. Therefore, Plaintiff is not entitled to summary judgment on his claims. Nor is Plaintiff entitled to a preliminary restraining order. The evidence submitted to the Court is not sufficient to show a likelihood that Plaintiff will succeed on the merits of his claim, and since Plaintiff has now been transferred to a different institution, there is little likelihood of irreparable harm to him if an injunction is not granted. Indeed, it does not appear that the Defendant Dunbar



even has access to Plaintiff anymore, since he is at a different institution. The Real Truth About Obama, Inc. v. Federal Election Commission, No. 08-1977, 2009 WL 2408735, at * 2 (4th Cir. Aug. 5, 2009)[In seeking injunctive relief, a Plaintiff must make a "clear showing" that he is entitled to relief, not just a "possibility of irreparable harm"]. Additionally, the issuance of an injunction such as being sought by the Plaintiff [affecting a correctional officer's work assignments and placement] would undermine prison officials' ability to effectively manage prisons and maintain order and discipline. Cf. Taylor v. Freeman, 34 F.3d 266, 269-270 (4th Cir. 1994)[Preliminary injunctive relief involving the management of prisons should be granted only under exceptional and compelling circumstances]; Joe v. Ozmint, No. 08-585, 2008 WL 5076858, * 3-4 (D.S.C. 2008). Such an injunction would also not be in the public interest. See Winter v. Natural Resources Defense Counsel, Inc., ___ U.S. ___, 129 S.Ct. 365, 376-377 (2008)["In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction"].

Finally, with respect to the Defendants' motion for summary judgment, and in light of the fact that Plaintiff has now been transferred to a different institution, the undersigned concludes that this motion should be granted. Giving Plaintiff's bare bones pro se complaint the liberal construction to which he is entitled, the undersigned authorized service of this complaint because sexual abuse of a prisoner can result in a constitutional violation under some circumstances, particularly where there is a danger of continued harassment. Cf. Benefield v. McDowall, 241 F.3d 1267, 1272 (10th Cir. 2001)[holding that a prisoner may demonstrate an Eighth Amendment violation by showing that he is incarcerated under conditions posing a substantial risk of serious harm, and that he need not wait until he is actually assaulted before obtaining relief]. However, with respect to any

5



request Plaintiff has made for injunctive relief, since Plaintiff has now been transferred to a different prison, that request is now moot. See Williams v. Griffin, 952 F.2d at 823 ["[T]he transfer of a prisoner render[s] moot his claim for injunctive and declaratory relief."]; Taylor v. Rogers, 781 F.2d 1047, 1048 n. 1 (4th Cir. 1986) [holding that prisoner's transfer mooted a request for declaratory and injunctive relief]. Further, since Plaintiff has now been transferred, his allegations as to what has happened so far are all that remain to establish a right to relief for monetary damages, and even considering these claims to be true for purposes of summary judgment, they are not sufficient to maintain a constitutional claim, as all they allege is that Dunbar made sexual comments to him and then touched or grabbed Plaintiff's buttocks on one occasion. As set forth in the evidence before the Court, this claim of sexual harassment or abuse simply does not rise to the level of a constitutional violation. Cf. McCoy v. Bazzle, No. 08-2930, 2009 WL 3169963, at * 4 (D.S.C. Sept. 28, 2009)[Prison captain allegedly touching inmate on his buttock when he was going back to his cell, absent any showing of physical injury, failed to establish facts sufficient to support a claim for violation of the Eighth Amendment]; Calhoun v. Vicari, 05-4167, 2005 WL 2372870, at * 5 (D.N.J. Sept. 26, 2005)[Holding that sexual gestures, jokes, and slap on the buttock not sufficiently serious to satisfy the objective component of an Eighth Amendment claim]; Williams v. Anderson, No. 03-3254, 2004 WL 2282927, at * 4 (D.Ka. Sept. 7, 2004)[Finding that prison guard's sexually degrading remarks, exposing himself to the Plaintiff, and grabbing Plaintiff's buttock, however outrageous, unacceptable and despicable, failed to satisfy the objective component of an Eighth Amendment violation] [Motion to Dismiss]; Jackson v. Madery, 158 F.Appx. 656, 661 (6th Cir. 2006)[Defendants grabbing inmates buttock in a degrading and humiliating manner was "isolated, brief, and not severe", and therefore did not rise to the level of a constitutional violation]; Berryhill v. Schriro, 137 F.3d

6



1073, 1076 (8th Cir. 1998)[Brief, unwanted touch on the buttocks is sufficient to state a constitutional claim where, in part, no objectively serious injury arising from the incident had been shown].

Therefore, the Defendants are entitled to summary judgment on this claim.[4]

### **Conclusion**

Based on the foregoing, it is recommended that the Plaintiff's motions for summary judgment and for a preliminary injunction be **denied**. It is further recommended that, to the extent Plaintiff has requested injunctive relief in his complaint, that the Defendants be **granted** summary judgment on that request. With respect to Plaintiff's request for monetary damages against the Defendants in their individual capacities, summary judgment for the Defendants should be **denied,** at this time.

The parties are referred to the Notice Page attached hereto.

Bristow Marchant
United States Magistrate Judge

February 16, 2010
Charleston, South Carolina

---

[4] It should also be noted that it is readily apparent that Plaintiff failed to exhaust his administrative remedies with respect to his claim prior to filing this lawsuit, as is demonstrated both by Plaintiff's statement in his verified complaint that he had not yet received a final decision on a grievance Plaintiff had filed shortly before he filed his lawsuit, and as is also shown by the copy of the grievance he has submitted to the Court. See Court Docket 11-2. Cf. Cannon v. Washington, 418 F.3d 714, 719 (7th Cir. 2005) [Prisoner may not file a lawsuit before exhausting his administrative remedies, even if he exhausts those remedies while the litigation is pending.]; Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999)[Prisoner "may not exhaust administrative remedies during the pendency of the federal suit."]. However, even though the Defendants have pled failure to exhaust administrative remedies as an affirmative defense in their answer, they have not moved for summary judgment on that ground.



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29401

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

